WOODALL, Justice
(dissenting).
I agree with the majority that Mrs. Dyas has standing to enforce the restrictive covenants. However, I must respectfully dissent, because, in my opinion, the restrictive covenants are enforceable against the property conveyed to Bon Aventure by Mrs. Dyas.
“A contractual provision is ambiguous if it is reasonably susceptible of more than one meaning.” FabArc Steel Supply, Inc. v. Composite Constr. Sys., Inc., 914 So.2d 344, 357 (Ala.2005). In my opinion, the language of the conveyance from Mrs. Dyas to Bon Aventure is reasonably susceptible of only one meaning, namely, that it imposed upon that portion of Unit 3 conveyed to Bon Aventure the same restrictive covenants that had been imposed on Units 1 and 2 by the referenced recorded instrument. I agree with Mrs. Dyas that any other. construction “would mean that there is no significance to the ‘subject to’ provision of the deed referencing the restrictive covenants, contrary to the general rules of construction.” Mrs. Dyas’s brief, at 19-20. See Wittmeir v. Leonard, 219 Ala. 314, 317, 122 So. 330, 333 (1929) (“In construing conveyances, ‘each word is presumed to have been used for .some purpose, and deemed to have some force and effect.’ ”).